OPINION
{¶ 1} Diana L. Boucher, the mother of Travis Boucher — a juvenile — appeals from an order of the Champaign County Juvenile Court forbidding any contact between Mrs. Boucher and Travis while he lives in Champaign County in the custody of Jean Johnson.
 {¶ 2} By agreed judgment entry filed March 27, 2003, in the Fairfield County Domestic Relations Court, temporary legal custody of Travis was awarded to his cousins, Gary Johnson and Jean Johnson, for a period of twelve months. This arrangement could only be extended by agreement of Travis's parents — Diana and David Boucher — and the Johnsons. The Johnsons reside in Champaign County. The judgment accorded the Bouchers "frequent and liberal visitation rights" with Travis.
 {¶ 3} On May 21, 2003, Travis was charged with possession of drug paraphernalia (glass pipe with residue and marijuana seeds), a first degree misdemeanor, and disorderly conduct, a minor misdemeanor. Travis was transported to the juvenile detention center.
 {¶ 4} A summons, as set out below, was issued May 21. The docket states it was sent to Travis and to Jean Johnson. The summons reads:
 {¶ 5} "A Complaint duly verified according to law, has been filed in this Court, which says that TRAVIS BOUCHER, born March 28, 1990, appears to be delinquent as alleged in the attached complaint.
 {¶ 6} "The juvenile is ordered to personally appear with a parent, guardian or custodian on the 3rd Floor of the Champaign County Court House, Room 312, Urbana, Ohio, for hearing on May 28, 2003, at 11:30 A.M.
 {¶ 7} "Every party (juvenile, parents, guardian or custodian) is entitled to counsel in all proceedings in Juvenile Court. If a party cannot afford an attorney, the Court will appoint an attorney to provide legal representation upon request.
 {¶ 8} "Any person summoned to appear before the Court who fails to do so may be punished as in other cases for Contempt of Court and may lose valuable rights as a result of said failure to appear.
 {¶ 9} "JOHN C. NEWLIN, Judge
 {¶ 10} "By MELINDA PETERS, Deputy Clerk
 {¶ 11} "May 21, 2003
 {¶ 12} "COPY TO: TRAVIS BOUCHER
 {¶ 13} "JEAN JOHNSON
 {¶ 14} "DIANA BOUCHER"
 {¶ 15} On May 22, the juvenile court released Travis from detention. Present with Travis at the detention hearing were Jean Johnson and Diana Boucher.
 {¶ 16} On May 28, Travis and Jean Johnson appeared before the juvenile court pursuant to the summons previously issued. The court stated and ordered in pertinent part as follows:
 {¶ 17} "Both the juvenile and his custodian represented to the Court that the drug paraphernalia belongs to his mother, who left it with him. It is alleged that his mother has furnished him drugs in the past. This was not discovered by the custodian until after the complaint was filed.
 {¶ 18} "* * *
 {¶ 19} "The Complaint herein is dismissed. However, because of circumstances set forth above, Travis' mother, Diana L. Boucher, shall have no contact with Travis while he resides in this County in the custody of Jean Johnson."
 {¶ 20} Mrs. Boucher's first two assignments of error are as follows:
 {¶ 21} "1. THE LOWER COURT'S FAILURE TO NOTIFY THE MOTHER AND CONDUCT A HEARING WITH THE MOTHER PRESENT PRIOR TO THE SUA SPONTE ORDER BY THE COURT TERMINATING THE MOTHER'S CONTACT WITH THE MINOR CHILD IS REVERSIBLE ERROR.
 {¶ 22} "2. THE TERMINATION OF THE APPELLANT'S PARENTAL RIGHTS SUA SPONTE BY THE LOWER COURT WITHOUT A FULL HEARING WAS A DENIAL OF THE APPELLANT'S DUE PROCESS RIGHTS AS GUARANTEED BY THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO."
 {¶ 23} Mrs. Boucher contends under the first assignment that the trial court erred in forbidding contact between her and her son without first complying with the notice and hearing requirements of R.C. 2152.61:
 {¶ 24} "(A) In any proceeding in which a child has been adjudicated a delinquent child or a juvenile traffic offender, on the application of a party or the court's own motion, the court may make an order restraining or otherwise controlling the conduct of any parent, guardian, or other custodian in the relationship of the individual to the child if the court finds that an order of that type necessary to do either of the following:
 {¶ 25} "(1) Control any conduct or relationship that will be detrimental or harmful to the child;
 {¶ 26} "(2) Control any conduct or relationship that will tend to defeat the execution of the order of disposition made or to be made.
 {¶ 27} "(B) Due notice of the application or motion and the grounds for the application or motion under division (A) of this section, and an opportunity to be heard, shall be given to the person against whom the order under that division is directed."
 {¶ 28} We agree with the State that this statute has no application because Travis was not adjudicated a delinquent child, the court rather having dismissed the charges. The first assignment is overruled.
 {¶ 29} The second assignment is more troublesome. The State concedes that Mrs. Boucher was entitled, as a matter of due process, to notice and an opportunity to be heard and correctly observes that there is no statutory guidance as to what process is due.
 {¶ 30} The State contends that Mrs. Boucher had notice and an opportunity for hearing because she was "summoned" to the May 28 hearing.
 {¶ 31} Although the docket causes us some concern as to whether the summons was mailed to Mrs. Boucher (the docket being silent as to her), Mrs. Boucher's appellate argument does not appear to say she didn't receive the summons but, rather, that she had no notice that the court was considering restricting her contact with Travis. Furthermore, the summons doesn't unequivocally command the presence of Mrs. Boucher at the May 28 hearing. Travis was required to appear "with a parent, guardianor custodian." (Emphasis ours).
 {¶ 32} In our judgment, the court cannot be faulted for not notifying Mrs. Boucher in advance of the May 28 hearing that the court might restrict her contact with her son. We can well imagine that the explanation given for Travis's possession of the drug paraphernalia was not one that the court anticipated.
 {¶ 33} Nevertheless, having decided to forbid contact between Mrs. Boucher and Travis for a period of at least ten months (May 28, 2003, until March 27, 2004, when Jean Johnson's temporary custody was due to expire), we believe the court should have accorded Mrs. Boucher an opportunity to explain her side of the story. We have no doubt the court would have done so May 28 had Mrs. Boucher appeared. Given the fact that the summons did not clearly command Mrs. Boucher to appear May 28, we do not think Mrs. Boucher forfeited her right to be heard by failing to appear.
 {¶ 34} In determining how we think the court should have proceeded, we obtain guidance from R.C. 2152.61, supra. Having decided to forbid contact between her and her son, the trial court should have scheduled a time soon after May 28 for Mrs. Boucher to present her side of the story, if different from that of Travis and Jean Johnson, and anything else bearing on the matter of visitation. See Juv.R. 35(A);Cleveland Bd. of Edn. v. Loudermill (1985), 470 U.S. 532.
 {¶ 35} The second assignment is sustained.
 {¶ 36} "3. THE LOWER COURT'S FAILURE TO KEEP A RECORD OF THE HEARING IS PREJUDICIAL TO APPELLANT."
 {¶ 37} Given our disposition of the second assignment, this assignment is moot. Nevertheless, a few observations are in order. The May 28 hearing was not an adjudicatory or dispositional proceeding where a record is required. Juv.R. 37(A). Mrs. Boucher was not deprived of an opportunity to request a record. Had she appeared May 28, she could have done so.
 {¶ 38} Secondly, Mrs. Boucher could have attempted to provide the court with an agreed statement as the record, pursuant to App.R. 9(D). She did not do so.
 {¶ 39} Finally, this particular record — as it comes before us — presents a complete picture of what happened and why. A verbatim transcript would have added nothing to this record. The third assignment is overruled.
 {¶ 40} The order forbidding contact between Mrs. Boucher and Travis will be reversed, and the matter will be remanded for further proceedings consistent with this opinion.
FREDERICK N. YOUNG, J. and WILLIAM W. YOUNG, J., concur.